CAMPBELL, Acting Chief Judge.
Appellant, convicted of two counts of possession and two counts of delivery of cocaine, challenges his convictions and sentences. First, he claims that his fifteen-year sentence exceeds the statutory maximum for possession of cocaine, a third degree felony. Second, he maintains that the detective’s prior testimony allegedly inferring previous “bad acts” by appellant should have been excluded. We agree that his sentences must be corrected, but find no error in his convictions. Accordingly, we affirm appellant’s convictions and remand appellant’s sentences.
Although appellant complains of the prosecutor’s and the detective’s comments regarding the detective’s previous knowledge of appellant’s identity and the detective’s characterization of the location of the transaction as “known crack cocaine places,” as inferring previous bad acts by appellant, we find no merit in those arguments. ’ The detective clearly established her knowledge of appellant’s identity. She was unequivocally certain that appellant was the perpetrator. Any error in her comments was harmless. Similarly, the detective’s characterization of the location as “known crack cocaine places” was harmless error. The statement was made once and was not made a feature of the trial. Given the overwhelming nature of the evidence against appellant, we find the error to be harmless in both instances.
Turning to appellant’s sentencing concerns, following his convictions, appellant was habitualized and was sentenced to fifteen years on each count to run concurrently. We observe that the court erred by sentencing the possession and delivery counts together. Under Florida Rule of Criminal Procedure 3.701(d)(12), a sentence must be imposed for each offense. For each trial court case number, the court sentenced the delivery and possession counts together and made Count I concurrent with Count II in each case. This was error. In addition, the court exceeded the statutory maximum for a third degree felony when it sentenced appellant to fifteen years on the two possession counts, which are third degree felonies, since the habitual-ized maximum for third degree felonies is ten years. § 775.084(4)(a), Fla. Stat. (1995).
Accordingly, we affirm appellant’s convictions, but vacate and remand his sentences for correction.
LAZZARA and WHATLEY, JJ., concur.